# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEARTHUR ANDERSON, #N-12044, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 10-cv-0992-MJR |
| JOHN DOE DOCTOR, JANE DOE NURSES, PHILLIP MARTIN, DENSMORE, WARDEN CAMPANELLA, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### Introduction

Plaintiff, currently confined in the Dixon Correctional Center, was at all times relevant to this action housed in the Lawrence Correctional Center. He brings this action for deprivations of his federal constitutional rights pursuant to 42 U.S.C. § 1983. This case is before the Court on preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that the claims in the complaint may be dismissed at this point in the litigation.

**Summary of Facts**

The following version of the facts of this case is gleaned from Plaintiff's complaint (Doc. 1). In the fall of 2009, Plaintiff was diagnosed with hypothyroidism and was treated by Defendants John Doe Doctor and Jane Doe Nurses with medication. When the condition worsened, the medication level was increased. Plaintiff believed that his condition was exasperated by the soy diet he was being fed in prison, and thus made a request from Defendant Densmore to receive a soy-free diet. Defendant Densmore told Plaintiff that his diet would not be altered without medical verification. Plaintiff requested a soy-free diet medical verification from John Doe Doctor and Jane Done Nurses, but they instead raised the dosage of his medication and stated that he did not need a soy-free diet.

**Analysis**

Plaintiff alleges that the Defendants have acted with deliberate indifference to his medical needs by denying his request for a soy-free diet, which he believes would aid in treating his hypothyroidism. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment to the United States Constitution. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind.

*Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir.2005).

As stated by the Seventh Circuit Court of Appeals:

> A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno,* 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.; Farmer,* 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble,* 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Greeno,* 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm,* 94 F.3d 254, 261 (7th Cir.1996).

*Edwards v. Snyder,* 478 F.3d 827, 830-31 (7th Cir.2007).

Plaintiff has alleged sufficient facts from which the Court can infer that he suffers from an objectively serious medical problem. Plaintiff's alleged diagnosis of hypothyroidism would likely cause a lay person to seek a doctor's attention. Thus Plaintiff has satisfied the objective component of the inquiry.

Plaintiff's complaint, however, fails to meet the subjective component of the test. He does not allege sufficient facts suggesting that Defendants John Doe Doctor, Jane Doe Nurses, Martin, Densmore, or Campanella knew that the IDOC's soy diet carried a substantial risk of harm of exacerbating Plaintiff's condition. The complaint also fails to allege facts from which the Court can infer that, had Defendants possessed such knowledge, they then disregarded Plaintiff's medical symptoms or the potential risk of harm. It is clear from Plaintiff's complaint that his condition was being treated through medication prescribed by Defendant John Doe Doctor. Plaintiff's desire to receive further treatment or treatment of a different kind in the form of a soy-free diet does not amount to indifference to medical needs.

Mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to an Eighth Amendment violation. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (Courts will not takes sides in disagreements about medical personnel's judgments or techniques). Consequently, Plaintiff's claims against Defendants John Doe Doctor, Jane Doe Nurses, Martin, Densmore, and Campanella must be dismissed with prejudice pursuant to 28 U.S.C. § 1915A.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). Defendants **JOHN DOE DOCTOR, JANE DOE NURSES, MARTIN, DENSMORE,** and **CAMPANELLA** are **DISMISSED** from this action with prejudice.

**IT IS SO ORDERED.**

DATED: April 1, 2011

    /s/ **MICHAEL J. REAGAN**
**Michael J. Reagan**
**United States District Judge**